An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CARL E. KREHNOVI,
Appellant,
vs.
SOUTH COVE APPT.; ROBERT
BIGELOW; AND SECURITY DEPT.,
Respondents.

No. 65484

**FILED**

APR 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court summary judgment in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Having considered appellant's arguments and reviewed the record, we perceive no error in the district court's judgment. *Witherow v. Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007) (treating a dismissal order as a summary judgment where the district court relied on matters outside of the pleadings); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). For the most part, the authority appellant relied on in bringing his complaint does not apply to non-governmental parties. Thus, appellant's request for relief under NRS 171.123 fails as a matter of law. *See* NRS 169.125 (defining peace officer). Additionally, the district court properly denied appellant leave to amend his complaint. *See Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 302 P.3d 1148, 1152 (2013) (explaining that leave to amend a complaint should be denied if the proposed amendment would be futile). To the extent that appellant contends that he was deprived of a right to attend the hearing on the motion to dismiss, the district court was not

15-11460

required to hold a hearing, *see* EDCR 2.23(c), and nothing in the record suggests that the district court factored appellant's nonattendance into its decision. Instead, the district court considered the motion, appellant's opposition thereto, even though it was untimely filed, and respondents' reply, along with papers and evidence submitted by the parties. Finally, to the extent that appellant contends that he has a viable cause of action based on respondents seizing and destroying his personal property, nothing in the record supports that assertion. Appellant pointed to testimony from his criminal hearing during which a detective testified that, along with a color copier, forged currency, and mail, which the police seized, appellant's hotel room contained "a couple of backpacks" containing "clothing" and "personal hygiene objects." Respondents disposed of the clothing and hygiene objects for health and safety reasons, and appellant cites to no authority to support that the disposal of those items was improper under the circumstances. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Jerry A. Wiese, District Judge
Carl Eric Krehnovi
L. Kirk Williams
Eighth District Court Clerk